PER CURIAM.
This is an appeal from an order abating a proceeding involving child custody and visitation. Appellee, the former wife and mother of the child whose custody is in question, now resides in Texas and initiated proceedings *785 there, the purpose of which is not disclosed by the record.
By agreement of the parties, the trial court in this ease communicated with the judge presiding over the Texas proceedings and thereafter, based apparently on that communication, abated the Florida action which had been initiated by appellant, the former husband and father of the child whose custody is in issue.
No useful purpose would be served by an extensive recitation of the vastly divergent views of the background facts presented by the parties. The ultimate issue here is a simple one and its resolution is not fact dependent.
The result of the order of abatement which is the subject of this appeal is to invite the Texas court to exercise its jurisdiction over custody and visitation issues. Whether that is appropriate is the question that gives us concern. Unfortunately, the order does not contain a finding as to which forum is the more convenient or the more appropriate one, nor does it specify any reason for declining to exercise jurisdiction and instead deferring to the Texas forum. No Florida case has held this to be a fatal shortcoming, but we now so hold and cite as a persuasive precedent. Szmyd v. Szmyd, 641 P.2d 14 (Alaska 1982).
When the best interests of a child are involved, as here, the appellate court must be furnished with sufficient findings to determine whether those best interests are served by the trial court’s decision (in addition to the usual appellate task of legal error correction). The issue determined by the trial court sub silento is that Florida is an inconvenient forum in which to litigate the custody and visitation issues raised by the parties. We have not been provided with findings enabling us to evaluate the trial court’s resolution of those issues. Accordingly, we reverse and remand so that the trial court may revisit the issues, take additional evidence if necessary, permit appellant to be heard, and then to enter an order containing findings on the issue of inconvenient forum (if Texas is again determined to be the appropriate forum for trial of custody and visitation and related issues) together with such additional findings as may be appropriate in the circumstances.
REVERSED AND REMANDED.
DELL, C.J., and HERSEY and WARNER, JJ., concur.