WARNER, Judge.
The trial court entered an order sua sponte dismissing this child custody case while the appellant/father’s petition for modification of custody agreement was pending because it determined that jurisdiction was in the state of Georgia. As the court had continuing jurisdiction under section 61.1316, Florida Statutes (1991), we reverse.
The parties are the natural parents of the child at issue who was born in Martin County, Florida in 1991. A petition was filed to determine custody, support, and visitation. The parties entered into a child custody and visitation agreement which was ratified and incorporated by the trial court in its order on custody, visitation, and support. As of the date of the order, the mother had relocated to Georgia.
On October 9, 1992, the father filed a petition for modification of custody, and the parties signed a mediation agreement in May 1993. The court file index reveals continued litigation throughout this period. In August 1994, the father filed an emergency motion to modify the mediation agreement. On the same day that the father filed his emergéncy motion, he also filed an Ex Parte Petition for an injunction enjoining removal of the child from the court’s jurisdiction. The court entered an injunction, amended it, and then *982 dissolved it at a hearing on August 18, 1994, at which time the court also sua sponte raised the issue of Florida’s continuing jurisdiction of the case. Some three months later, the trial court entered its order dismissing the case on the ground that jurisdiction should be in Georgia.
While the mother argues that Florida did not have jurisdiction, citing section 61.1308, Florida Statutes (1991), that contention has already been rejected in Yurgel v. Yurgel, 572 So.2d 1327, 1331-32 (Fla.1990). Moreover, we do not interpret the trial court’s ruling as one of the absence of jurisdiction.
Nevertheless, we must still reverse because the court failed to make findings or to express reasons for declining jurisdiction. See Ennis v. Conran, 648 So.2d 784, 785 (Fla. 4th DCA 1994). The trial court did not have the benefit of Ennis when the order of dismissal was rendered. However, we apply the law as of the time of the determination of the appeal. Florida Patient’s Compensation Fund v. Von Stetina, 474 So.2d 783, 787-88 (Fla.1985).
We remand for further proceedings consistent with this opinion.
STONE and SHAHOOD, JJ., concur.